Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHER VAKNIN,<br><br>Plaintiff,<br><br>v.<br><br>UNIFIN, INC. and DOES 1 through 10 inclusive,<br><br>Defendant. | CASE NO.: 2:25-cv-11522<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS:<br><br>1. FDCPA, 15 U.S.C. § 1692 et seq.<br>2. TCPA, 47 U.S.C. § 227 et seq.<br>3. Rosenthal FDCPA, Cal. Civ. Code § 1788 et seq.<br>4. Unfair Competition Law, Bus. & Prof. Code § 17200 et seq. |

Plaintiff Asher Vaknin brings this Class Action Complaint by and through his attorney, Amir J. Goldstein, Esq., against Defendant, UNIFIN, INC. ("Unifin"), individually and on behalf of a class of all other similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief upon personal knowledge.

## INTRODUCTION

1. This is an action for damages brought by an individual consumer, and on behalf of a class of similarly situated California residents, against Unifin, a debt-collection company that

employs misleading, harassing, and unlawful practices in connection with the collection of consumer debts.

2. Specifically, Defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("Rosenthal Act"), both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices. Defendant's conduct also violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), which prohibits any person from making communications to consumers - including text messages sent using automated systems or prerecorded content - without the prior express consent of the called party.

3. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[1]

4. The Rosenthal Act was enacted to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." [2]

5. The Telephone Consumer Protection Act was enacted to "protect consumers from unwanted and intrusive telephone calls, to restrict the use of automatic telephone dial systems, prerecorded or artificial voice messages, and unsolicited text messages, and to establish clear limits on telemarketing practices."[3]

---

[1] 15 U.S.C. §1692(e).

[2] Cal. Civ. Code § 1788.1(a)(3).

[3] 47 U.S.C. § 227.

6. Courts have recognized that abusive or harassing debt collection communications—including repeated or unwanted telephone calls and text messages—naturally cause emotional distress to consumers, leading to stress, aggravation, humiliation, anxiety, and other forms of emotional harm.

## PARTIES

7. Plaintiff Asher Vaknin is a natural person residing in Los Angeles County, California, and is a "consumer" as defined by 15 U.S.C. §1692a(3).
8. Upon information and belief, Defendant Unifin is an Illinois corporation whose principal purpose is the collection of debts owed or alleged to be owed to another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C § 1332(d)(2) and 15 U.S.C §1692 et seq. because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its State of Incorporation in Illinois.
10. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. 1391(b) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

11. Plaintiff brings this Class Action Complaint to redress Defendant's unlawful, unfair, harassing and deceptive debt-collection practices and to seek statutory, actual, and

punitive damages, together with injunctive and equitable relief to prevent further violations.

12. At all times relevant, Plaintiff is an individual residing within the State of California.

13. Upon information and belief, Defendant Unifin is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2, and regularly attempts to collect debts owed or alleged to be owed to another.

14. Beginning on or about June 17, 2025, Unifin sent approximately fourteen (14) text messages to Plaintiff's cellular number ([310] 227-1643) in an attempt to collect an alleged consumer debt in the amount of $12,228.12. Plaintiff never provided that number to Defendant, never consented to receive texts messages, and never had a prior relationship granting such consent.

15. The text messages contained standardized collection language and hyperlinks directing Plaintiff to online webpages operated by Defendant. Typical messages included statements such as:

"*This is Unifin, a debt collector. Contact us about ref# 0055963094 @ 800-686-1439 or https://t.unifininc.com/v/vKf2a. Charges May Apply. Reply STOP to stop texts.*"

and:

"*Unifin, a debt collector: We have an important message regarding your outstanding balance of $12,228.12. If this is a mistake report here: https://t.unifininc.com/v/5YA0y. Ref#0055963094. Call: 800-686-1439 or access our Self Service portal: https://t.unifininc.com/v/asTNU. Reply STOP to opt-out.*"

16. These repeated and unauthorized communications were harassing and intrusive in nature, exceeding the bounds of legitimate debt-collection activity and interfering with Plaintiff's peace and privacy.

17. Each hyperlink in Defendant's text messages directed Plaintiff to an online platform known as the "uOffer Portal", accessible at https://uoffer.unifinrs.com/?c=3&v=mobiz, which Defendant operates to collect payments and process disputes.

18. The uOffer Portal requires consumers to input personal data—including a reference number, name, last four digits of Social Security number, and date of birth—merely to view alleged account information or access dispute options. See the print screen attached below[4]:




19. Such requirements unreasonably intrude upon consumers' privacy and deter the exercise of statutory rights.

[4] Website link: https://uoffer.unifinrs.com/?c=3&v=mobiz

20. That said, Defendant misleads consumers by requiring them to enter sensitive personal information before it provides any disclosure of their statutory rights. The least sophisticated consumer is compelled to input private data merely to access basic account information or to attempt to learn how to dispute the alleged debt. At no point does Defendant clearly convey, in a prominent and unambiguous manner, that consumers possess federally protected rights under 15 U.S.C. § 1692g(a)(1)-(5), including the right to dispute the debt in writing and the right to request verification. By conditioning access to information on the submission of personal identifiers—without first explaining these rights—Defendant obscures, overshadows, and contradicts the clear disclosures required by the FDCPA, misleading consumers about how to exercise their dispute and validation rights.

21. Within the portal, Defendant presents a mandatory electronic form labeled "Dispute" or "Report an Error," implying that consumers must use that form to contest a debt. Nowhere does the site clearly disclose that a consumer may dispute a debt in writing by mail or by other means, as expressly guaranteed under 15 U.S.C. § 1692g.

22. The Portal also presents an SMS "opt-in" mechanism for "alerts" and "reminders," effectively conditioning account access on agreeing to receive further communications. This practice directly conflicts with the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. Please find this page print screen also attached below[5]:

[5] Website link: https://uoffer.unifinrs.com/?c=3&v=mobiz




23. By steering consumers exclusively to its proprietary online portal and withholding clear information about their written dispute rights, Defendant overshadows and contradicts the validation notice required by § 1692g and misleads the least sophisticated consumer into believing that electronic submission is the *only* valid method to dispute a debt.

24. Upon information and belief, Defendant maintains additional webpages, including https://unifininc.com/complaints-and-disputes, containing similar misleading content. These pages reinforce the false impression that disputes must be filed electronically and restrict consumers' ability to send written disputes or request for validation by mail.

25. Plaintiff, whose primary language is not English, faced additional difficulty understanding the limited and confusing dispute instructions contained in Defendant's electronic communications. Defendant failed to provide clear, accessible, and legally

sufficient disclosures explaining the statutory right to dispute the alleged debt in writing, thereby compounding the misleading nature of its website and collection practices.

26. These site features are deceptive and unfair in violation of 15 U.S.C. §§ 1692d and 1692f, and they unlawfully overshadow and restrict the validation rights guaranteed under 15 U.S.C. § 1692g, as it misleads the least sophisticated consumer into believing that use of Defendant's online portal is the only available method to dispute a debt. In addition, such practices constitute "unlawful" and "unfair" business practices within the meaning of California's Unfair Competition Law, Bus. & Prof. Code § 17200 et seq.

27. Defendant further compounded its unlawful and harassing practices by sending approximately fourteen (14) automated text messages to Plaintiff's cellular telephone attempting to collect an alleged consumer debt of $12,228.12, despite Plaintiff never providing consent or having any prior relationship with Defendant.

28. Upon information and belief, Defendant is a large company with vast resources, employing more than five hundred (500) individuals and operating in multiple countries. Defendant's practices are systematic and have been the subject of numerous consumer complaints and prior lawsuits alleging similar conduct in violation of the FDCPA and other consumer-protection laws.

## FIRST CAUSE OF ACTION

**Violation of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 et seq. – Overshadowing of Validation Rights (§ 1692g) and Harassing Conduct (§ 1692d(5))**

29. Plaintiff repeats and realleges each and every allegation set forth above as if fully stated herein.

30. Defendant, a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), regularly attempts to collect consumer debts owed or alleged to be owed to another.

31. Section 1692g of the FDCPA requires that debt collectors provide consumers with a clear and unambiguous written notice of their right to dispute a debt within thirty (30) days and to request verification in writing. The statute further prohibits any communication that *overshadows or contradicts* those rights.

32. Defendant violated § 1692g(a)–(b) by directing Plaintiff—and similarly situated consumers—to dispute alleged debts solely through its online "uOffer" website, which fails to disclose that written disputes may be sent by mail or other means.

33. The website and accompanying text messages required consumers to input personal data and click through web forms labeled "Dispute" or "Report a Mistake" but did not contain any statement advising that a dispute could be submitted in writing.

34. Defendant's exclusive reliance on its website to handle disputes overshadowed and contradicted the statutorily mandated validation notice, misleading the least sophisticated consumer into believing that use of the online portal was mandatory and that written disputes were not accepted.

35. Defendant's conduct mirrors that found unlawful in *Winter v. Debtsy, Inc.,* No. 22-cv-01893-SPM, 2023 U.S. Dist. LEXIS 70378 (S.D. Ill. Apr. 21, 2023*)*, where the United States District Court for the Southern District of Illinois held that a debt collector's invitation to dispute a debt online—without explaining the effect on consumers' statutory dispute rights and without providing clear instructions on how to submit a written dispute—plausibly stated a claim for violation of § 1692g.

36. In addition to overshadowing Plaintiff's validation rights, Defendant's repeated and continuous transmission of approximately fourteen (14) text messages within a short

period of time constitutes harassing conduct prohibited under 15 U.S.C. § 1692d and § 1692d(5). Courts in this circuit have held that intent to harass under § 1692d(5) may be inferred from circumstantial evidence, including the pattern, volume, and frequency of debt-collection communications. *Crockett v. Rash Curtis & Assocs.*, 929 F. Supp. 2d 1030, 1032 (N.D. Cal. 2013). Defendant's barrage of text messages—sent without consent and directing Plaintiff to intrusive and misleading online portals—supports a plausible inference of an intent to annoy, abuse, or harass the least sophisticated consumer.

37. This conclusion is reinforced by the Northern District of California's decision in *Cupp v. First National Collection Bureau, Inc.*, No. C 22-08112 WHA, 2023 U.S. Dist. LEXIS 33623, at *6 (N.D. Cal. Feb. 28, 2023), where the court held that a series of fifteen text messages raised a plausible inference of harassment under § 1692d(5). The court emphasized that, while no bright-line rule exists, message volumes similar to those at issue here are sufficient to allege intent to harass. *Id.* (citing *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 852 (W.D. Tenn. 2010)). Unifin's fourteen unauthorized collection messages, sent in close succession and designed to pressure Plaintiff into using its deceptive online portal, similarly constitute harassing conduct in violation of the FDCPA.

38. Defendant's conduct was knowing, willful, reckless, and intentional. Defendant did not maintain reasonable procedures to avoid such violations and acted in reckless disregard of consumers' statutory rights.

39. As a direct and proximate result of Defendant's violations of the FDCPA – including but not limited to violations of 15 U.S.C. §§ 1692g and 1692d(5) – Plaintiff suffered confusion, stress, and the loss of statutory rights, and is entitled to actual damages,

statutory damages of up to $1,000, and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a).

40. Plaintiff and the Class further seek declaratory and injunctive relief to ensure Defendant ceases these unlawful practices and provides consumers with clear, written, and non-overshadowing validation notices in compliance with federal law.

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq.**

41. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. Defendant, through its acts and practices as hereinabove described, willfully and intentionally violated the TCPA by using an automatic telephone dialing system ("ATDS") and/or sending text messages containing automated or prerecorded content to Plaintiff's cellular number without prior express consent.

43. Defendant's conduct constitutes multiple violations of 47 U.S.C. § 227(b)(1)(A)(iii).

44. Defendant's conduct was willful and knowing, entitling Plaintiff and the Class to statutory damages of $500 per violation, trebled to $1,500 per violation for willful conduct, as well as injunctive relief prohibiting further unlawful communications.

## THIRD CAUSE OF ACTION

**Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.**

45. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

46. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts. Defendant violated the Rosenthal Act in multiple ways, including but not limited to:

    a. § 1788.10(f): by threatening to take actions prohibited by law, including coercing consent to SMS alerts as a condition of account access;

    b. § 1788.13: by making false and deceptive misrepresentations;

    c. § 1788.13(e): by providing false and misleading information concerning Plaintiff's alleged failure to pay a consumer debt;

    d. § 1788.17: by incorporating and violating the FDCPA provisions identified above.

47. Defendant's violations were willful and knowing, entitling Plaintiff to statutory damages of up to $1,000, actual damages for emotional distress and financial harm, and attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30.

## FOURTH CAUSE OF ACTION

**Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 et seq.**

48. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

49. Defendant's practices constitute "unlawful," "unfair," and "fraudulent" business practices under the UCL, including:

    a. Unlawful conduct, by virtue of the violations of the TCPA, FDCPA, and Rosenthal Act described herein.

    b. Unfair conduct, by coercing consumers to provide sensitive personal information, requiring consumers to submit personal identifiers merely to access alleged

account information or to attempt to exercise dispute rights, and by conditioning access to the portal on opt-in SMS communications.

c. Fraudulent conduct, by misrepresenting or obscuring consumer's statutory dispute and validation rights, presenting misleading online forms, and creating the false impression that electronic submission through Defendant's portal is the only available method for disputing a debt, thereby misleading the least sophisticated consumer.

50. Defendant has been unjustly enriched by committing said acts.

51. Plaintiff and the Class are entitled to restitution, equitable and injunctive relief, and attorneys' fees pursuant to Bus. & Prof. Code § 17200 et seq.

**CLASS ACTION ALLEGATIONS**

52. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

53. The proposed Class consists of:

- All consumers within the State of California who, within one year prior to the filing of this Complaint, were directed by Defendant Unifin to dispute an alleged debt exclusively through Defendant's online portal or website, or who received substantially similar communications from Defendant containing hyperlinks or instructions to use said portal.

54. Excluded from the Class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

55. The members of the Class are so numerous that joinder of all members is impracticable. The exact number of Class members can be determined only through discovery, but upon information and belief, Defendant has communicated with thousands of consumers in California through the same standardized text messages and website portals at issue in this action.

56. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members. Common issues include, but are not limited to:

a. Whether Defendant directed consumers to dispute alleged debts exclusively through its online portal;

b. Whether Defendant's communications failed to clearly and accurately inform consumers of their right to dispute a debt in writing under 15 U.S.C. § 1692g;

c. Whether Defendant's communications and website content overshadowed or contradicted the validation notice required by § 1692g(a)–(b);

d. Whether Defendant engaged in a pattern of repeated text-message communications sufficient to constitute harassing conduct under 15 U.S.C. § 1692d and § 1692d(5);

e. Whether Defendant's conduct constitutes unfair, deceptive, or abusive debt-collection practices in violation of the FDCPA, the Rosenthal Act, and California's Unfair Competition Law; and

e. Whether Plaintiff and the Class are entitled to statutory damages, actual damages, injunctive relief, restitution, and attorneys' fees and costs.

57. Plaintiff's claims are typical of the claims of the members of the Class because all are based on the same course of conduct by Defendant and the same legal theories, namely,

that Defendant's uniform communications misled consumers regarding their right to dispute debts under federal and California law.

58. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are aligned with those of the Class, and Plaintiff has retained counsel experienced in consumer protection and class action litigation.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member are relatively small compared to the burden and expense of individual litigation. Class treatment will achieve economies of time, effort, and expense and promote uniformity of decision while protecting the rights of all Class members.

60. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

a. An order certifying the class defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;

b. Statutory damages and actual damages provided by statute, including, but not limited to: 15 U.S.C. § 1692k et seq., Civil Code §1788.30 et seq., 47 U.S.C. § 227(b)(3) (TCPA), and Bus. & Prof. Code § 17200 et seq.;

c. Special, general, and compensatory damages and punitive damages;

d. Equitable and injunctive relief;

e. Restitution;

f. Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, et seq., common law and/or the Court's inherent power; and

g. For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Dated: December 4, 2025

Respectfully Submitted,

/S/ Amir J. Goldstein ___________
Amir J. Goldstein
Attorney for Plaintiff